The conviction is for passing as true a forged instrument; the punishment, two years.

The appellant was identified at the trial as the person who passed the check in question to J. E. Hegler; and said check was introduced in evidence. The check was in the sum of $27, with the name Horace E. Crew signed thereto as maker; and it was returned to Hegler unpaid. The testimony sufficiently shows that Horace E. Crew was a fictitious person.

▊ Appellant did not testify or offer any testimony in his behalf.

Appellant contends that there is a fatal variance between the instrument set out in the indictment and that passed to J. E. Hegler. The variance consisted of certain no-

tations which the testimony shows to have been apparently placed on the check by the bank when it was presented for payment.

The testimony shows that the notations were no part of the check when it was passed to Hegler, hence the variance is immaterial. 3 Branch's Ann.P.C.2d 730, Sec. 1588; Rice v. State, 123 Tex.Cr.R. 258, 58 S.W.2d 98; Anderson v. State, 144 Tex. Cr.R. 26, 161 S.W.2d 88.

▊ The judgment and sentence finding appellant guilty of forgery and passing a forged instrument are reformed to show him guilty of passing a forged instrument in accordance with the record; and the evidence being sufficient to support the conviction and no reversible error appearing, the judgment as reformed is affirmed.

Opinion approved by the Court.

Frank WASHINGTON, Appellant,

v.

STATE of Texas, Appellee.

No. 30712.

Court of Criminal Appeals of Texas.

May 6, 1959.

**17**

There are no bills of exception and no objections to the court's charge.

The jury resolved the disputed issue of appellant's intoxication against him and we find the evidence sufficient to support their verdict.

The judgment is affirmed.

Opinion approved by the Court.

No attorney of record on appeal, for appellant.

Dan Walton, Dist. Atty., Thomas D. White, Samuel H. Robertson, Jr., and Fred M. Hooey, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 802b, Vernon's Ann.P.C. for the subsequent offense of driving while intoxicated; the punishment, 90 days in jail and a fine of $200.

The alleged prior conviction was shown by stipulation between the parties.

The evidence was undisputed that the appellant drove his automobile upon a public highway at the time and place alleged.

The arresting officer testified that after he stopped the appellant he could smell the odor of alcoholic beverages on his breath, that he staggered when he walked and expressed his opinion that the appellant was intoxicated. Two officers who took the appellant to jail testified that they could smell the odor of alcohol on his breath; that they observed him walk and heard him talk and stated that in their opinion that he was drunk.

As a witness in his own behalf appellant testified that he had consumed no alcoholic beverages on the day in question and denied that he was drunk. He further testified that he told the officers he desired a blood test but that he was not given the test. Both of the officers who took appellant from the scene testified that he was offered a blood test and when carried to the hospital refused to take the test.